**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| ERNESTO RODRIGUEZ MARTINEZ,<br><br>Petitioner,<br><br>vs.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Respondent. | No. C26-4054-LTS-MAR<br><br>**INITIAL REVIEW ORDER** |

---

This matter is before me on Ernesto Rodriguez Martinez's pro se petition (Doc. 1-1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, pro se motion for leave to proceed in forma pauperis (Doc. 1) and pro se filing (Doc. 2) that the Clerk of Court docketed as a motion to appoint counsel. Rodriguez Martinez is currently detained at the Woodbury County Jail in Sioux City, Iowa. Doc. 1-1 at 2.

## *I. MOTION TO PROCEED IN FORMA PAUPERIS*

Rodriguez Martinez did not pay the $5.00 filing fee.[1] For a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2); *see also* Rules Governing § 2254 Cases, Rule 1 (allowing courts to apply the Rules Governing Section

---

[1] The § 2241 fee is a $5.00 statutory fee set out in 28 U.S.C. § 1914(a).

2254 Cases to all habeas cases) and Rule 3(a)(2) (making the affidavit requirement of § 1915 applicable to prisoners proceeding in § 2254 cases).[2] Because Rodriguez Martinez failed to submit a certified copy of his prison trust fund account statement, I am unable to construe his filing (Doc. 1) as a properly filed motion to proceed in forma pauperis. Rodriguez Martinez will be given 30 days from the date of this order to either pay the $5.00 filing fee or file an amended motion to proceed in forma pauperis that includes a copy of his prison trust fund statement or institutional equivalent.

## *II. INITIAL REVIEW*

Rodriguez Martinez challenges his detention by Immigration and Customs Enforcement and potential removal. He states that he is "under temporary/work permit category – C08" and has a pending petition for asylum. Doc. 1-1 at 7. Rule 1 of the Rules Governing § 2254 Cases allows the court to apply the § 2254 rules to § 2241 cases. Rule 4 of the Rules Governing § 2254 Cases, in turn, directs the court to conduct an initial review of any petition and dismiss it if it plainly appears a petitioner is not entitled to relief.

"The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment." *Bernabe-Reynoso v. United States*, No. 1:24-CV-01002, 2024 WL 1588334, at *1 (D.S.D. Mar. 8, 2024) (quoting *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988)), *report and recommendation adopted,* No. 1:24-CV-01002, 2024 WL 1585213 (D.S.D. Apr. 11, 2024). Section 2241(c) provides that "[h]abeas corpus relief shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" Under that provision, the Supreme Court has considered claims brought by aliens utilizing § 2241 petitions to dispute the legality of

[2] However, the remaining portions of the Prison Litigation Reform Act are not applicable to habeas proceedings. *See Malave v. Hedrick*, 271 F.3d 1139, 1140 (8th Cir. 2001), citing *Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir. 1997); *see also Martin v. Bissonette*, 118 F.3d 871, 874 (1st Cir. 1997) and *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000).

their detention. *See, e.g.*, *Jennings v. Rodriguez*, 138 S. Ct. 830, 838 (2018). "A federal court has subject-matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is 'in custody,' and (2) the custody is 'in violation of the Constitution or laws or treaties of the United States.'" *Mario A. B. v. Sec'y of Homeland Sec.*, No. CV18-2705, 2019 WL 542944, at *1 (D. Minn. Jan. 4, 2019), *report and recommendation adopted sub nom. Baneyas-Jaen v. Sec'y Homeland Sec.,* No. CV 18-2705, 2019 WL 538354 (D. Minn. Feb. 11, 2019). Thus, § 2241 is the proper procedural vehicle for a detained removable alien to challenge the legality of his or her continued detention. Because Rodriguez Martinez's claim is colorable, the burden is on the Government to rebut the petition.

## *III. MOTION TO APPOINT COUNSEL*

As noted above, Rodriguez Martinez filed a document (Doc. 2) that the Clerk's office construed as a motion to appoint counsel. That document is an email from the Federal Public Defender's Office that included Rodriguez Martinez's § 2241 petition and a message stating Rodriguez Martinez would like to request the appointment of counsel. He also included a standard CJA Form 23 Financial Affidavit demonstrating he is financially eligible for the appointment of counsel. Doc. 1 at 3.

Pursuant to 18 U.S.C. § 3006A(a)(2)(B) and 28 U.S.C. § 1915(e)(1), the Office of the Federal Public Defender for the Districts of Iowa (FPD) is hereby appointed to represent Rodriguez Martinez. Should the FPD determine that a conflict exists that would preclude the FPD from representing Rodriguez Martinez, the FPD shall file a sealed notice to the court stating that a conflict exists and the Clerk's office shall then appoint a member of the Criminal Justice Act panel of this District to represent the petitioner. The FPD may take any appropriate action in this case, including filing motions for extensions of time or motions to supplement the current pro se filings.

## *IV. CONCLUSION*

For the reasons set forth herein:

1. Rodriguez Martinez is given 30 days from the date of this order to either pay the $5.00 filing fee or file an amended motion to proceed in forma pauperis that includes a copy of his prison trust fund statement or institutional equivalent

2. The FPD is hereby appointed to represent Rodriguez Martinez.

3. After a Rule 4 review, this case will be allowed to proceed past initial review.

4. The Clerk's office is directed to serve, via certified mail, the summons, a copy of the petition, along with a copy of this order, to the respondents in care of the United States Attorney's Office for the Northern District of Iowa.[3]

5. Respondents shall file an answer and response to the petition within **14 days** of this order.[4]

6. Rodriguez Martinez may file a reply within **5 days** after the answer and response is filed. The court will then determine whether a hearing or additional briefing is necessary.

---

[3] Alternately the Clerk's office may designate an employee to personally serve a representative of the U.S. Attorney's Office. If the Clerk's office personally serves the documents set out above, the designated employee shall file on the docket an affidavit memorializing the time, manner and completion of service, along with a notation of who accepted service on behalf of the U.S. Attorney's Office.

[4] Rule 4 of the Rules Governing § 2254 Cases provides that the court must order a response "within a fixed time," giving the court discretion to determine response deadlines. While 28 U.S.C. § 2243 sets out specific timelines, the Rules Governing § 2254 Cases were enacted by Congress after § 2243 and control in the context of § 2241 cases. *See Petersen v. Russell*, No. CIV 07-4114, 2009 WL 2191902, at *2 (D.S.D. July 22, 2009); *Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994); *Kramer v. Jenkins*, 108 F.R.D. 429, 432 (N.D. Ill. 1985). The Advisory Committee stated: "In the event an answer is ordered under Rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. . . . Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors."

7. If Rodriguez Martinez moves to file an amended petition, the court will issue a new scheduling order.

**IT IS SO ORDERED** this 1st day of July, 2026.

Leonard T. Strand
United States District Judge