**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| ERNESTO RODRIGUEZ MARTINEZ,<br><br>Petitioner,<br><br>vs.<br><br>IMMIGATION AND CUSTOMS ENFORCEMENT,<br><br>Respondent. | No. C26-4054-LTS-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |

## *I. INTRODUCTION*

This case is before me on petitioner Ernesto Rodriguez Martinez's supplemental petition (Doc. 11) for a writ of habeas corpus under 28 U.S.C. § 2241. Rodriguez Martinez is an alien being held in custody without a bond hearing as his removal proceedings are ongoing. He challenges his detention on due process grounds. In an initial review order (Doc. 3), I directed respondent (the Government) to respond, which it has done (Doc. 16), and Rodriguez Martinez has filed a reply (Doc. 20). Because Rodriguez Martinez was ordered removed in the interim, I filed an order (Doc. 22) directing the Government to supplement its response addressing the impact of the removal order, which it has done (Doc. 24). Oral argument is not necessary. *See* LR 7(c).

## *II. BACKGROUND*

Rodriguez Martinez is a Colombian national who arrived in the United States in May 2023. Doc. 19-1 at ¶¶ 11, 14. He was apprehended upon entering the United States and placed in removal proceedings. Doc. 19-2 at 1. The Secretary of Homeland Security then exercised his authority to parole Rodriguez Martinez into the United States, releasing him from custody. *See* 8 U.S.C. § 1182(d)(5)(A).

Rodriguez Martinez's parole was terminated upon his first immigration hearing in October 2023. Doc. 19-1 at ¶ 18. Despite his parole's termination, Rodriguez Martinez was not immediately re-detained. Instead, he was allowed to remain free in the United States. Immigration officials twice approved work authorization and Rodriguez Martinez filed an asylum application, citing his fear of a still-active paramilitary group that had murdered his father. *Id.* at ¶¶ 19–21; *see also* Doc. 11-5.

In April 2026, Rodriguez Martinez was arrested by the Lennox, South Dakota, Police Department for speeding and driving with a suspended registration. Doc. 19-1 at ¶ 22. The Minnehaha County Jail notified Immigration and Customs Enforcement (ICE) of the arrest and ICE lodged an immigration detainer with the jail. *Id.* at ¶ 23. The same day that he was arrested, Rodriguez Martinez was released from state custody and taken into administrative detention. *Id.* at ¶ 24. He is now detained in the Woodbury County Jail in Sioux City, Iowa. Doc. 11-4. While his habeas petition was pending, on July 31, 2026, an immigration judge denied Rodriguez Martinez's asylum application and ordered him removed. Doc. 20 at 1 n.1. Because he may still appeal the immigration judge's decision, its order is not final and all agree that Rodriguez Martinez remains detained under the pre-removal detention scheme of 8 U.S.C. § 1225(b)(2). *See* Docs. 20, 24.

## ***III. STANDARD OF REVIEW***

Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For relief, the petitioner must prove by a preponderance of the evidence that his detention is unlawful. *Phongsavanh v. Williams*, 809 F. Supp. 3d 864, 867 (S.D. Iowa 2025).

## ***IV. ANALYSIS***

The parties agree that Rodriguez Martinez's detention is statutorily required under Eighth Circuit precedent. *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); 8 U.S.C. § 1225(b)(2). However, he may challenge his detention on constitutional due process

grounds, as he does here. *Id.* at 1140 & n.8 (Erickson, J., dissenting). Due process requires that the Government provide individuals with satisfactory procedures and reasoning before it deprives them of life, liberty or property. U.S. Const. amend. V. Aliens facing removal proceedings have due process rights. *Yamataya v. Fisher* (the Japanese Immigration Case), 189 U.S. 86, 100–01 (1903). There is further no doubt that Rodriguez Martinez's civil detention implicates his liberty interest as "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *accord Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). The parties' disagreement is whether the liberty interest requires that Rodriguez Martinez receive a bond hearing.

Despite their different positions, Rodriguez Martinez and the Government recognize that the situation presented is not new to me. Rodriguez Martinez was granted discretionary parole and released into the country in 2023. Doc. 11-1. To have been granted parole, the Secretary of Homeland Security must have individually determined that he "presented neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5 (2026). Although Rodriguez Martinez's parole expired in 2024, the Government took no steps to re-detain him—indeed, Rodriguez Martinez attended immigration hearings after his parole expired and was allowed to remain at liberty. *See* Doc. 19-1 at ¶¶ 18, 20. In similar cases, I have found that the Government must provide a bond hearing to re-evaluate, at the least, the alien's dangerousness and flight risk. *See, e.g.*, *Villegas Salazar v. Sheriff of Linn County*, No. 26-cv-98, 2026 WL 1651508 (N.D. Iowa June 8, 2026); *Gonzalez Arias v. Woodbury County Jail*, No. 26-cv-4041, 2026 WL 1735035 (N.D. Iowa June 16, 2026); *Filatau v. Mullin*, 26-cv-143, 2026 WL 2140251 (N.D. Iowa July 24, 2026).

However, an issue remains as to whether the immigration judge's recent removal order distinguishes my prior decisions. Under 8 U.S.C. § 1225(b)(2), Rodriguez Martinez's civil detention is constitutional only if it serves a regulatory purpose that

outweighs his liberty interest, such as by ensuring against an individualized risk of flight or the danger he poses to his community. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). If (or when) Rodriguez Martinez's removal order becomes administratively final, his detention will become controlled by 8 U.S.C. § 1231, mandating his detention for a 90-day period (subject to certain extensions) to effectuate the removal, but constitutionally requiring his release after that period if there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *accord Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021).

The parties agree that because Rodriguez Martinez's removal order is not final, he remains detained under § 1225(b)(2)'s mandatory detention scheme. The Government argues that the removal order nonetheless changes the circumstances underlying his detention because a neutral arbiter found him removable. However, the order says nothing about any justifications underlying Rodriguez Martinez's detention. Should the removal order become administratively final, a new detention scheme will provide a basis for Rodriguez Martinez's detention. Until then, he remains detained under § 1225(b)(2) and the removal order does not meaningfully distinguish this case from my past decisions.

## *V. CONCLUSION*

For the reasons set forth herein:

1. Petitioner Rodriguez Martinez's supplemental petition (Doc. 11) for a writ of habeas corpus under 28 U.S.C. § 2241 is **granted**.

2. Respondent is **ordered** to provide Rodriguez Martinez with a bond hearing within **14 days** of this order, at which it will have the burden of proving by clear and convincing evidence that his continued detention is justified. If respondent does not provide the ordered hearing within 14 days, then Rodriguez Martinez must be released from detention under the same conditions he was under immediately before his April 2026 detention.

3. The requirement that Rodriguez Martinez receive a bond hearing within 14 days is conditioned on his removal order not becoming administratively final before then. If the removal order becomes administratively final before the 14-day period, or if his detention otherwise becomes controlled by 8 U.S.C. § 1231, respondent will no longer be required to provide such a hearing.

**IT IS SO ORDERED** this 17th day of August, 2026.

Leonard T. Strand
United States District Judge