**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| ERNESTO RODRIGUEZ MARTINEZ,<br><br>Petitioner,<br><br>vs.<br><br>IMMIGATION AND CUSTOMS ENFORCEMENT,<br><br>Respondent. | No. C26-4054-LTS-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |

I granted petitioner Ernesto Rodriguez Martinez's supplemental petition (Doc. 11) for habeas corpus on August 17, 2026, ordering (in part) as follows:

> Respondent is ordered to provide Rodriguez Martinez with a bond hearing within 14 days of this order, <u>at which it will have the burden of proving by clear and convincing evidence that his continued detention is justified</u>. If respondent does not provide the ordered hearing within 14 days, then Rodriguez Martinez must be released from detention under the same conditions he was under immediately before his April 2026 detention.

Doc. 26 at 4 (emphasis added). Although respondents provided Rodriguez Martinez "hearings," his unchallenged recounting of how they played out is troubling and led him to file a motion (Doc. 28) to reopen and reconsider the remedy. For the reasons that follow, the motion will be granted.

As background, Rodriguez Martinez was detained by immigration officials in April 2026 and placed in removal proceedings. *See* Doc. 26 at 2. At the time, he had a pending Application for Asylum and for Withholding Removal (Form I-589) based on his fear of an active paramilitary group in his home country who had murdered his father. *See* Doc. 11-5. Although he initiated his habeas corpus petition pro se and was appointed

counsel, *see* Doc. 3, he has retained representation in his main immigration matters, called the record of proceedings. Doc. 28-2 at 1.

When I ruled that Rodriguez Martinez was due a bond hearing within 14 days of my order, the Government was quick to convene a hearing four days later, on Friday, August 21, 2026. Doc. 28-2. So far so good. However, and perhaps in its haste to hold the hearing, it appears that notice was never provided to Rodriguez Martinez or his immigration counsel. *Id.* at 3.[1] Because Rodriguez Martinez's counsel had not formally entered an appearance in Rodriguez Martinez's bond matter, there was some confusion whether they planned to represent him on the issue. *Id.* But when asked whether Rodriguez Martinez would prefer to proceed pro se or have his attorney present, he requested the latter. *Id.* The immigration judge (IJ) expressed due process concerns with proceeding without an attorney present in light of Rodriguez Martinez's request and the confusion surrounding the scope of the attorney's representation. The Department of Homeland Security (DHS) objected to a continuance and asked to have Rodriguez Martinez sworn in for questioning relating to his ties to the United States "because that would lead to [DHS'] position for the bond." *Id.* at 3–4. The IJ ultimately continued the hearing without taking testimony so the issue regarding Rodriguez Martinez's attorney could be sorted out. *Id.* at 6.

On August 25, 2026, the Government reconvened the hearing. The IJ stated that a day earlier, he had his court administrator reach out to the office of Rodriguez Martinez's immigration counsel and gave them that day to submit their representation agreement if they planned to represent Rodriguez Martinez in his bond hearing. Doc. 28-3 at 1. No representation agreement was submitted within the allotted time. Indeed, the IJ had been advised that the firm did not plan on representing Rodriguez Martinez in

---

[1] The immigration judge believed that counsel "probably had at least constructive notice of the habeas" because of their representation in the record of proceedings, but was not notified of the hearing and would not have known about its date. Doc. 28-2 at 3–4.

the matter, so Rodriguez Martinez would have to proceed pro se. *Id.* When asked then if Rodriguez Martinez had anything to enter on the record, he replied:

> So first thing, um, I'm a bit confused because yesterday I talked to my attorney in the morning and they said they will be representing me for my bond hearing. And I'm really, um, I really don't understand, your Honor, why, uh, you're saying that they will not represent me in this hearing. And second, um, I don't know what else to say since the lawyers said they will be representing me.

*Id.* at 1–2. The IJ responded that because Rodriguez Martinez's counsel did not comply with the directive to submit their representation agreement, were not present[2] and apparently did not plan to represent him in the bond proceedings, he was more-or-less out of luck.[3] The IJ continued that he would "issue [his] written decision at a later time" and stated that Rodriguez Martinez's attorney "can still help . . . with [an] appeal." *Id.* at 2.

The IJ then asked if DHS had anything it wanted to add, who asked whether "DHS [had] actually ma[d]e an argument on bond or . . . simply say that we oppose it?" because "if the latter, then [the attorney would] like an opportunity to make an argument on bond." *Id.* at 2. The IJ erroneously responded that DHS had already given an argument on its opposition to bond at the August 21 hearing and the hearing was adjourned. *Id.* The IJ later issued an order denying bond, finding that Rodriguez Martinez "presented with too high [a] risk of flight" based on his current situation, the IJ's review of the record and "oral testimony by both parties." Doc. 28-4.[4]

Rodriguez Martinez's counsel then filed a motion for a new bond hearing. The IJ denied the motion on October 8, 2026, stating:

---

[2] Counsel's office is in Chicago. The hearing was in Omaha.

[3] This is disputed by Rodriguez Martinez's counsel, who "reports that no one advised the immigration court that the firm would not be representing him at a bond hearing. Counsel also states that she is unaware of any order the firm allegedly failed to comply with, and that the firm did not have actual notice of the August 21 and 25 bond hearings." Doc. 28-1 at 6 n.3.

[4] No oral testimony was presented in either hearing.

> The Court has already heard the bond proceeding on August 25, 2026, in compliance with the habeus [sic] order. Respondent's counsel was not present, and the respondent <u>waived their appearance</u>.
>
> <u>After conducting testimony</u>, the Court found that due to the respondent having already been denied his relief, and awaiting an appeal from the BIA, that he presents with too great a risk for flight and non-compliance for the Court to set a bond in this case. The respondent has little to gain from compliance at this point as his applications have already been denied.

Doc. 28-5 (emphasis added). The emphasized portions of the IJ's decision are flatly wrong. Rodriguez Martinez never waived his counsel's appearance and no testimony was taken in either hearing. Rodriguez Martinez's counsel reports that she had not received actual notice of the hearings, was not advised of any demand she file a representation agreement and did not advise the immigration court that the firm would not represent him. The IJ never gave Rodriguez Martinez the opportunity to address the merits of his bond request after rejecting his plea for his attorney. The IJ erroneously believed that DHS had already made an argument on bond and based his decision, at least in part, on non-existent testimony.

I typically have left disagreements with an IJ's bond decision to the administrative appeals process. That is what the Government request I continue doing here. But these facts are so egregious that they demand a different course. I granted Rodriguez Martinez's habeas corpus petition because his circumstances while released vested in him a liberty interest in being free from indiscriminate civil detention. I ordered a bond hearing to give the Government a post-deprivation chance to justify his detention. I very specifically stated that at the bond hearing, the Government "will have the burden of proving by clear and convincing evidence that his continued detention is justified." Doc. 26 at 4.

The Government did not comply with this directive. Indeed, it is apparent that the outcome of the so-called hearings was pre-ordained, with the IJ acting to rubber stamp the Government's request without putting the Government to the trouble of presenting

evidence. Instead of presenting "clear and convincing evidence," as required, the Government prevailed by presenting "no" evidence.

The IJ's so-called "hearings" were a flagrant deprivation of Rodriguez Martinez's due process rights and have caused me to lose trust that any administrative, post-deprivation process will meaningfully safeguard his liberty interest.[5] In the August 17, 2026, order, I stated:

> If respondent does not provide the ordered hearing within 14 days, then Rodriguez Martinez must be released from detention under the same conditions he was under immediately before his April 2026 detention.

Doc. 26 at 4. As noted above, the "ordered hearing" was one at which the Government would "have the burden of proving by clear and convincing evidence that his continued detention is justified." *Id.* The bumbling sideshows the Government provided to Rodriguez Martinez on August 21 and 25, 2026, did not even slightly resemble the "ordered hearing." Thus, I specifically find that the Government failed to comply with the court's order (Doc. 26) and, as directed in that order, must therefore release Rodriguez Martinez under the same conditions he was under immediately before his April 2026 detention.[6]

For the reasons set forth herein:

1. Petitioner Ernesto Rodriguez Martinez's motion (Doc. 28) to reopen and reconsider the remedy of a bond hearing is **granted**. Respondent is **ordered** to release Rodriguez Martinez within **three days** of this order subject to the same conditions (if any) with which he was required to comply immediately before his April 2026 detention.

---

[5] Frankly, if I discover that the immigration court's proceedings with regard to Rodriquez Martinez constitute that court's standard practice, I will stop ordering bond hearings when a § 2241 petitioner demonstrates a right to relief and will skip directly to ordering release.

[6] Of course, if the Government believes that Rodriguez Martinez's circumstances have changed since his release in May 2023 such that his re-detention is warranted, it is entitled to pursue that outcome. However, Rodriguez Martinez must receive meaningful pre-deprivation process before the Government seeks to civilly detain him under 8 U.S.C. § 1225(b)(2).

2. If respondent wishes to again civilly re-detain Martinez pending his removal proceedings under 8 U.S.C. § 1225(b)(2), it must provide him with sufficient notice and a hearing before an impartial immigration judge.

**IT IS SO ORDERED** this 26th day of October, 2026.

Leonard T. Strand
United States District Judge